UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Civil No.

vs.

        Honorable

Real Property located at
27622 Pala Loma Court,
Moreno Valley, California,

        Defendant *in Rem.*
_____/

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, Gjon Juncaj, Assistant United States Attorney, and for its Complaint for Forfeiture states:

### JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A).

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff=s claims occurred in the Eastern District of Michigan.

## DEFENDANT *IN REM*

5. The Defendant *in rem* is Real Property located at 27622 Pala Loma Court, Moreno Valley, California, and is more fully described as:

> Lot 62, of Tract 24097, in the City of Moreno Valley, as shown recorded in Book 223, Pages 88 to 95 inclusive of Maps in the office of the County Recorder of Riverside County, California.
>
> APN: 304-220-044-1
>
> TITLED TO: JPC Equity Properties, LLC a California Limited Liability Company

The Defendant *in rem* (hereafter referred to as the "Defendant Real Property") is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a money laundering conspiracy, money laundering transactions, or attempted money

laundering transactions, in violation of 18 U.S.C. §§ 1956(a), (h), and 1957.

## UNDERLYING CRIMINAL STATUTES

6. 18 U.S.C. § 1956(a)(1)(B) prohibits knowingly conducting a financial transaction involving the proceeds of "specified unlawful activity," knowing that the transaction is designed in whole or in part to: conceal or disguise the nature, the location, the source, the ownership, or the control of such proceeds; or, avoid a transaction reporting requirement.

7. Pursuant to 18 U.S.C. §§ 1956(c)(7)(D), 1961(1)(B) and (D), "specified unlawful activity" includes violations of the controlled substances and money laundering laws of the United States.

8. 18 U.S.C. § 1957 prohibits knowingly engaging, or attempting to engage, in a monetary transaction with proceeds of a specified unlawful activity in an amount greater than $10,000 by, though, or to a financial institution.

9. Pursuant to 18 U.S.C. § 1956(h), any person who conspires to commit any offense defined in 18 U.S.C. §§ 1956 or 1957 shall be

3

subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

10. 21 U.S.C. §§ 841(a)(1) and 846 prohibits the distribution and possession with intent to distribute controlled substances, and any attempt or conspiracy to do the same.

## STATUTORY BASIS FOR CIVIL FORFEITURE

11. 18 U.S.C. § 981(a)(1)(A) provides for the forfeiture of "Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

## GENERAL ALLEGATIONS

12. From in or about 2014, and continuing through in or around September 2019, Maurice Montain McCoy, Jr. (McCoy) and other individuals (the McCoy Drug Trafficking Organization (DTO)) knowingly distributed controlled substances within the Eastern District of Michigan, Southern Division, and elsewhere. The sale of controlled substances by the DTO generated a significant amount of cash proceeds. McCoy further conspired and agreed with individuals from in

4

or about 2014 through in or around September 2019, to launder the significant cash proceeds generated by the DTO.

13. McCoy was indicted in the United States District Court for the Eastern District of Michigan for the drug trafficking (Count One) and money laundering conspiracies (Count Four). *United States v. McCoy, et al.*, Criminal Case No. 17-20489 (EDMI). On November 2, 2022, McCoy pleaded guilty to the drug trafficking and money laundering conspiracies.

14. McCoy and other members of the money laundering conspiracy worked closely with the DTO to conduct financial and monetary transactions, knowing that the funds involved were derived from some form of specified unlawful activity, for the purpose of spending or otherwise concealing or disguising the nature, the location, the source, the ownership, or the control of DTO proceeds, and to evade financial institution reporting requirements.

15. As part of the conspiracy, proceeds from the sale of controlled substances were obtained in the Eastern District of Michigan and elsewhere and transferred by members of the money laundering

conspiracy to California through financial account deposits and transfers. Members of the DTO also physically transported cash to California by bus or commercial flights.

16. At times, law enforcement seized cash generated from the sale of controlled substances from members of the DTO that they were transporting back to California. This included:

    a. Thirty-four thousand five hundred and fifteen dollars ($34,515) United States Currency on January 8, 2018, from Manjaro Johnson at the Los Angeles International Airport.

17. A member of the McCoy money laundering conspiracy, Teeauna White, used personal and business bank accounts in her control to receive or deposit criminal proceeds in amounts under $10,000, which in the aggregate exceeded $10,000. This included:

    a. On or about December 29, 2016, structured cash deposits in California;

    b. On or about March 8, 2017, structured cash deposits in California;

6

    c. On or about July 28, 2017, structured cash deposits in Baltimore, Maryland.

18. Members of the DTO set up locations to store cash generated from the sale of controlled substances before it was returned to California. They used the same locations to store controlled substances. At times, law enforcement seized cash and controlled substances at these locations. This included:

    a. Five hundred fifteen thousand seven hundred and ten dollars ($515,710) United States Currency, with approximately ten kilograms of fentanyl, more than 20 kilograms of a mixture of fentanyl and heroin, and approximately 700 grams of tramadol on July 10, 2017, from a condominium at 42284 Joyce Lane, Novi, Michigan, and 991 grams of cocaine from a vehicle rented by a member of the DTO that was parked in front of the condominium.

    b. One hundred thirty-eight thousand seven hundred and forty-nine dollars ($138,749) United States Currency,

7

with approximately three kilograms of fentanyl, 14 kilograms of cocaine, and 90 grams of heroin, on April 13, 2018, from Apartment I at 6603 English Oak Road in Baltimore, Maryland.

19. In 2017, McCoy used DTO criminal proceeds to surreptitiously purchase the Defendant Real Property at 27622 Pala Loma, Moreno Valley, California for approximately $525,000. McCoy and Teeauna White resided at the Defendant Real Property after its purchase. Teeauna White was actively involved in the selection of the Defendant Real Property for purchase. Robin Herndon assisted in the concealment of the Defendant Real Property's true ownership and source of funding by, in part, purchasing the property in the name of JPC Equity Properties, LLC, a legal entity controlled by Robin Herndon.

20. Robin Herndon opened multiple bank accounts in the weeks preceding the purchase of the Defendant Real Property. Herndon used these accounts, and other accounts controlled by him and his associates, to structure, layer, and funnel criminal proceeds, including cash, to

8

purchase the Defendant Real Property. Payments of criminal proceeds to purchase the Defendant Real Property included the following, primarily funded by cash deposits of DTO criminal proceeds:

    a. $5,000 in the form of a cashier's check, dated February 6, 2017, purchased by McCoy;

    b. Approximately $114,568 in the form of a wire transfer, on or about March 8, 2017, from a bank account titled to JPC Equity Properties, LLC;

    c. Approximately $23,163 in the form of a wire transfer, on or about March 10, 2017, from a bank account titled to JPC Equity Properties, LLC;

    d. Approximately $23,000 in the form of a wire transfer, on or about March 10, 2017, from a personal bank account of Robin Herndon;

    e. Approximately $278,000 in form of a check, on or about September 8, 2017, from a bank account of Alesia Roberts; and

    f. Approximately $75,000 in the form of a check, on about September 26, 2017, from a bank account of Alesia Roberts.

21. The Defendant Real Property was involved in money laundering violations prohibited by 18 U.S.C. §§ 1956(a), (h) and 1957, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## CLAIM FOR RELIEF

22. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21 above, and any subparagraphs thereunder. The Defendant Real Property was involved in money laundering violations prohibited by 18 U.S.C. §§ 1956(a), (h) and 1957, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## CONCLUSION

Plaintiff, the United States of America, respectfully requests that a warrant for the arrest of the Defendants Real Property be issued; that due notice be given to all interested parties to appear and show cause

why the forfeiture should not be decreed; that judgment be entered declaring the aforementioned Defendants Real Property condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                          Respectfully submitted,

                          DAWN N. ISON
                          Acting United States Attorney

                          s/ Gjon Juncaj
                          GJON JUNCAJ (P63256)
                          Assistant United States Attorney
                          211 W. Fort Street, Suite 2001
                          Detroit, Michigan 48226
                          Telephone:(313) 226-0209
                          gjon.juncaj@usdoj.gov

Dated: June 1, 2023

## **VERIFICATION**

I, DEREK NEWSOME, am a Special Agent of Internal Revenue Service, Criminal Investigation. I have read the foregoing Complaint for Forfeiture and assert under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
Derek Newsome, Special Agent
Internal Revenue Service
Criminal Investigation

Dated: June 1, 2023